IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PORFIRIO ALVARADO,          § | |
|     Petitioner,          § | |
| § | |
| v.          § | No. 3:18-CV-01188-L (BT) |
| § | |
| LORIE DAVIS, Director,          § | |
| Texas Department of Criminal          § | |
| Justice, Correctional Institutions          § | |
| Division,          § | |
|     Respondent.          § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Porfirio Alvarado, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The district court referred the matter to the United States magistrate judge, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. Petitioner also requests "leave of the Court to file both [a Motion for] Stay and Abeyance and [a] Motion for Appointment of Legal Counsel." (ECF No. 23 at 4). The Court liberally construes Petitioner's request as a motion to request a stay and abeyance to exhaust his habeas claim regarding vindictive prosecution, and a motion for the appointment of counsel. For the following reasons, the petition should be dismissed, and the motions should be denied.

I.

In September 2015, Petitioner was convicted by a trial judge of aggravated sexual assault of a child and sentenced to twenty years' imprisonment. *State of Texas v. Porfirio Alvarado*, No. F-14-23628-S (282nd Jud. Dist. Ct., Dallas County, Tex., September 3, 2015). The Fifth District Court of Appeals affirmed the judgment, *Alvarado v. State*, No. 05-15-01195-CR, 2016 WL 7230388 (Tex. App. – Dallas 2016, pet. ref'd), and the Texas Court of Criminal Appeals (CCA) refused Petitioner's petition for discretionary review, *Alvarado v. State*, No. PD-0038-17. Petitioner did not file a petition for writ of certiorari with the United States Supreme Court. (ECF No. 1 at 3).

Petitioner also filed an application for a state writ of habeas corpus, *Ex parte Alvarado*, No. 88,216-01 (ECF No. 18-19 at 12-36), which the CCA denied without written order. (ECF No. 18-18). Petitioner then filed his § 2254 petition in federal court, in which he argues:

> (1) his conviction is a result of prosecutorial vindictiveness for Petitioner's refusal to plead guilty;
>
> (2) his Miranda warnings were not properly given and the officer translating the interrogation did not properly translate Petitioner's statements; and
>
> (3) trial counsel provided ineffective assistance.

Respondent filed a response arguing relief is not warranted (ECF No. 19), to which Petitioner filed a reply. (ECF No. 23).

II.

**A.   Standard of Review**

The standard of review in federal habeas cases is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254. The pertinent terms of the AEDPA provide:

> (d)   An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the

3

prisoner's case. *Id.* "For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law. . . . A state court's determination that a claim lacks merit precludes federal habeas relief so long as fair-minded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citations and internal quotation marks omitted).

Under Texas law, when the CCA denies a state habeas petition, as in the present case, the "denial" means that the court rejected the merits of a particular claim. *See Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000) ("Under Texas law, a denial of relief by the Court of Criminal Appeals serves as a denial of relief on the merits of the claim."); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (en banc) ("In our writ jurisprudence, a 'denial' signifies that we addressed and rejected the merits of a particular claim while a 'dismissal' means that we declined to consider the claim for reasons unrelated to the claims merits."). Because the CCA denied Petitioner's claims on the merits, the deferential AEDPA standard of review applies to this petition.

### B. Vindictive Prosecution

Petitioner claims that his conviction is "the result of prosecutor vindictiveness because Petitioner would not plead guilty and chose to go to trial." (ECF No. 1 at 6). Specifically, Petitioner states that because he would not plead guilty the prosecutor threatened that he would "prosecute him to the fullest." *Id.*

Petitioner did not raise this issue on direct appeal. On direct appeal, Petitioner argued the trial court erred by overruling his hearsay objections to the testimony of the outcry witness. *Alvarado v. State*, No. 05-15-01195-CR, 2016 WL 7230388, at *3-7 (Tex. App. – Dallas 2016).

Additionally, Petitioner did not raise this issue in his state habeas application. (ECF No. 18-19 at 12-33; ECF No. 18-20 at 1-8). While Petitioner raised a claim of vindictive prosecution, he did not allege vindictiveness based on his decision to put the state to its burden. In his state habeas application, Petitioner claimed vindictive prosecution because the prosecutor allowed Petitioner's inaccurately-translated confession into evidence at trial. (ECF No. 18-19 at 23). His current claim is based on different facts than those presented to the state habeas court. (*Compare id.* with ECF No. 1 at 6).

Each issue a petitioner raises in a federal habeas writ must have been exhausted. That is, the issue must have been "fairly presented" to the state court. *Picard v. Conner*, 404 U.S. 270, 275 (1971). A state prisoner must "present the state courts with the same claim he urges upon the federal courts." *Id.* The exhaustion requirement is not met when new factual claims are made in a federal petition. *Anderson v. Harless,* 459 U.S. 4, 6–7 (1982). If a petitioner fails to exhaust state remedies and the court to which he would be required to present his claims would now find the claims procedurally barred due to the petitioner's own procedural default, "federal courts are barred from reviewing those claims." *Woodfox v. Cain*, 609 F.3d 774, 793 (5th Cir. 2010)

5

(citing *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995)). To overcome the procedural bar for failure to exhaust state remedies, a petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

In the present case, if Petitioner were to return to state court to attempt to exhaust, he would be barred from raising this claim. *See Neville v. Drekte*, 423 F.3d 474, 480 (5th Cir. 2005) (stating that "[e]xcept under extraordinary circumstances, Texas law does not permit successive petitions."); Tex. Code Crim. Proc. 11.07 § 4. Additionally, Petitioner has failed to establish, or even argue, cause for the default and actual prejudice. This claim is unexhausted and procedurally barred.

## C.   Errors during Interrogation

Petitioner claims his confession was obtained "in violation of [his] Miranda warnings," (ECF No. 1 at 6), and that the officer who interpreted for him during his interrogation did not correctly translate what was said. *Id.* The entirety of Petitioner's argument regarding these two issues is as follows:

> Petitioner speaks no English [and] was interrogated by a Spanish speaking officer and English speaking officer, several interpreters testified the Spanish speaking officer did not translate to English officer truthfully what defendant was telling him and he did not *Miranda* defendant truthfully and properly.

6

(ECF No. 1 at 6). Petitioner provides no further support for these general claims, either in his Section 2254 petition, or in his reply. (*See id*; *see also* ECF No. 23 at 6-10). He fails to identify what parts of his interrogation were not translated truthfully, or what part of his *Miranda* warnings were untruthful or improper. Petitioner has failed to adequately brief the issue. *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982) (stating that conclusory claims are insufficient to entitle a habeas corpus petitioner to relief). Federal courts do not "consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) (quoting *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983)); *see also Lookingbill v. Cockrell*, 293 F.3d 256, 263 (5th Cir. 2002) (stating that where a habeas petitioner fails to brief an argument adequately, it is considered waived). Petitioner states that "if this Court carefully reviews the tape recorded [interrogation] video and interprets what the Spanish speaking officer's interpretation of what is being translated, it will clearly substantiate Petitioner has absolutely met his burden of proof." (ECF No. 23 at 10). The Court will not make the Petitioner's argument for him. He is not entitled to relief on this issue. *Schlang*, 691 F.2d at 799.

Moreover, the state habeas court denied these claims when it denied Petitioner's application for a state writ of habeas corpus, and Petitioner fails to show the state court proceedings resulted in a decision that was contrary to, or

7

involved an unreasonable application of, clearly-established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03; *Childress v. Johnson*, 103 F.3d 1221, 1224-25 (5th Cir. 1997). Petitioner fails to show there was no reasonable basis for the state court to deny relief. *See Richter*, 562 U.S. at 98.

### D. Ineffective Assistance of Counsel

Petitioner makes four claims of ineffective assistance of counsel. To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999)

8

(citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Petitioner provides nothing more than a listing of his ineffective-assistance-of-counsel claims. (*See* ECF No. 1 at 7). He provides no further information than to state that his counsel provided ineffective assistance by "failing to investigate, failing to subpoena or examine witness, failing to call witnesses who could/would testify as character witnesses for Petitioner. Even Petitioner's trial counsel was aware of Spanish officer not translating truthfully but did not speak out on this issue." *Id.* He provides no further argument to support this listing of claims. This is insufficient to demonstrate his counsel was ineffective. Presenting "conclusory allegations" of deficient performance or prejudice is insufficient to meet the *Strickland* test. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

And Petitioner fails to allege, much less demonstrate, he was prejudiced by his trial counsel's allegedly deficient acts. Petitioner fails to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. He has not "affirmatively prove[n]" that he was prejudiced by any of his

9

counsel's alleged deficient performance. *Id.* at 693. Thus, he has failed to demonstrate his counsel provided ineffective assistance. *See id.* at 687, 692.

Furthermore, Petitioner raised these ineffective-assistance-of-counsel claims in his state habeas petition. (ECF No. 18-20 at 7). Because the state habeas court's decision to deny relief did not involve an unreasonable application of *Strickland*, Petitioner's § 2254 petition should be denied. Petitioner fails to show that his counsel's performance was deficient.

Petitioner also fails to show that the state-court decision was unreasonable by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Petitioner fails to show there was no reasonable basis for the state court to deny relief. *See Richter*, 526 U.S. at 98.

### E.    Motion to Stay and Abate and Motion to Appoint Counsel

In his reply brief, Petitioner includes requests that the Court liberally construes as a motion to request a stay and abeyance to exhaust his claim regarding vindictive prosecution, and a motion for the appointment of counsel. (*See* ECF No. 23 at 4, 5). As previously discussed, if Petitioner were to return to state court to attempt to exhaust, he would be barred from raising his unexhausted claim. *See Neville v. Drekte*, 423 F.3d at 480; Tex. Code Crim. Proc. 11.07 § 4. The motion should be denied. The motion for appointment of counsel should also be denied, for the same reasons that the Court denied his previous motion for appointment of counsel. (See ECF No. 22).

**F.     Summary**

Petitioner's claim of vindictive prosecution is unexhausted and procedurally barred. Petitioner has provided insufficient evidence to demonstrate that his confession was obtained in violation of his *Miranda* warnings, that the officer who interpreted for him during his interrogation incorrectly translated what was said, or that he received ineffective assistance of counsel. Moreover, Petitioner fails to show the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Williams*, 529 U.S. at 380-84. He fails to show there was no reasonable basis for the state court to deny relief. *Richter*, 562 U.S. at 98. Finally, Petitioner's motions to stay the proceedings and for the appointment of counsel are without merit.

### III.

For the foregoing reasons, the magistrate judge recommends that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be dismissed with prejudice for failure to make a substantial showing of the denial of a federal right. The Court additionally recommends Petitioner's motion to stay the proceedings and motion for appointment of counsel be denied.

Signed November 14, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).